UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.M.S.,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-03865-DAD-CSK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED UNDER PSEUDONYM, AND DENYING PETITIONER'S PENDING MOTION AS MOOT<br><br>(Doc. Nos. 1, 2, 3) |

On May 20, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order and a motion to proceed under pseudonym. (Doc. Nos. 2, 3.) On May 21, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In addition, if respondent opposed the court ruling on the underlying petition based on the present briefing, respondent was directed to so indicate and provide substantive reasons in support of that position in its opposition. (*Id.*)

/////

1

On May 22, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 7.)  Respondents represent that petitioner was initially placed in expedited removal proceedings, detained pursuant to 8 U.S.C. § 1225(b)(1) and then subsequently paroled pursuant to 8 U.S.C. § 1182(d)(5)(A).  (*Id.* at 2–3.)  Respondents argue that petitioner violated the conditions of his release on two occasions and accordingly petitioner's parole was revoked.  (Doc. No. 7 at 2–3.)  However, respondents do not contend that petitioner was provided with written notice of the reason for this revocation, as this court has found is required in order to demonstrate that a parole revocation under § 1182 complies with due process requirements.  *Fernandez v. Chestnut*, No. 1:26-cv-01421-DAD-AC, 2026 WL 947102, at *1 (E.D. Cal. Apr. 8, 2026) (citing *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) and *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164–66 (S.D. Cal. 2025)).

Moreover, even assuming that petitioner's parole was properly revoked, respondents argue only that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii).  This court has previously rejected this reading of 8 U.S.C. § 1225(b)(1), noting that the text of that statute specifically limits its application to "aliens who have not been admitted *or paroled*."  *Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR (HC), 2025 WL 3640678, at *2 (E.D. Cal. Dec. 16, 2025).  The court adopts its prior reasoning here and rejects respondents' argument in this regard as well.

Respondents have not opposed this court ruling on the merits of the underlying petition in their opposition as directed (Doc. No. 5) and accordingly the court will resolve the merits of the petition in this action based on the briefing presently before the court.

Based upon a review of the briefing, the court finds the following facts.  On or before September 22, 2024, petitioner entered the United States and sought asylum.  (Doc. No. 1 at ¶ 24.)  On November 4, 2024, petitioner was released by immigration authorities on parole pursuant to 8 U.S.C. § 1182(d)(5).  (*Id.* at ¶ 24.)  On April 23, 2026, petitioner reported to a scheduled appointment with ICE and was re-detained by immigration authorities.  (*Id.* at ¶ 29.)

In light of the evidence that petitioner was previously paroled, the court incorporates and adopts the reasoning set forth in its prior order in *Singh v. Albarran*, 2025 WL 3640678, and

concludes that immediate release is the appropriate remedy.  Moreover, in light of petitioner's pending petition for asylum, the court will grant petitioner's motion to proceed under a pseudonym.  *See Doe v. Andrews*, No. 1:25-cv-00333-JLT-HBK (HC), 2025 WL 1531684, at *1 (E.D. Cal. May 28, 2025) ("[C]ourts regularly grant leave to proceed under a pseudonym in cases related to asylum proceedings.") (collecting cases).

For the reasons above,

1.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.   Respondents are ORDERED to immediately release petitioner, A# not known by the court, from respondents' custody;

    b.   Respondents are ENJOINED AND RESTRAINED from using the adjustment of status process to re-detain petitioner, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden of demonstrating that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.   Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot in light of this order granting his habeas petition on the merits;

3.   Petitioner's motion to proceed under pseudonym (Doc. No. 2) is GRANTED;

4.   The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 27, 2026**

                                                _DALE A. DROZD_
                                        DALE A. DROZD
                                        UNITED STATES DISTRICT JUDGE

3